IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORIGINAL

| | | |
|---|---|---|
| Airport Investors, L.P. | * | Case Number  05-189 |
| Plaintiff | * | |
| v. | * | |
| (1) Radio Assist Ministry, Inc. | * | |
| (2) Edgewater Broadcasting, Inc. | * | |
| Defendants | * | |

### Notice of Complaint

(1) Plaintiff is a family partnership registered in Maryland. The partners, husband and wife, are residents of Delaware.

(2) This complaint is brought on diversity and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

(3) In 2003, both plaintiffs and defendants, separately, applied for certain Federal Communications Commission ("FCC") authority known as "translators." (Translators are radio frequencies assigned by the FCC for the basic purpose of increasing the useful area of reception of a radio broadcast station.)

(4) Defendants submitted applications for over 4,000 translators. Plaintiff applied for less than (10).

(5) Plaintiff was desirous of making use of additional translators, in connection with a propective radio station in Southern Delaware.

(6) Plaintiff agreed to purchase several translator frequencies from defendants. In the latter part of 2004, defendants authorized the transfers of these frequencies with the FCC. Plaintiff made initial payments on the contract and arranged with defendant to pay the balance owed over a period of about one year.

(2)

(7) A few weeks ago, defendants agreed to accept a cash payment in full for the balance owed. (Plaintiff incorporates by reference Exhibit(s) One. (E-mails from defendant representative))

(8) In the interim, plaintiff was asked by a third party (based in Delaware) to sell the translator authorities obtained from defendants as well as others plaintiff owned.

(9) Among the translators to be sold was one covering an area known as Ocean Pines.

(10) The Ocean Pines translator was previously included in the package purchase of several by plaintiff from defendants.

(11) Defendants at the time actually owned the rights to *two* translators for Ocean Pines. (herein designated as frequency "A" and frequency "B".).

(12) Defendants agreed first to transfer frequency "A" to plaintiff. Plaintiff then asked defendants to transfer frequency "B" instead. Shortly thereafter, upon notification by the third-party to plaintiff, plaintiff asked defendants to rescind the proposed transfer to frequency "B". (Frequency "A" having been accepted by the third-party.) Plaintiff was unaware at the time that neither frequency "A" nor "B" had been technically transferrred by the FCC to plaintiff.

(13) Initially, because of the confusion, plaintiff agreed to pay any transfer fees charged to "return" frequency "B" and to restore frequency "A". However, according to e-mails from defendants (Exhibits Two (incorporated by reference)) defendants had already "disposed" of frequency "A" to an unknown purchaser. (How this was possible since technically such had not occurred on the FCC transaction report is not known.)

(14) Defendants claim that such sale and/or transfer was an "honest mistake", even though plaintiff was to pay for the transfer back to frequency "A".

(3)

(15) In the meantime, the third-party purchaser from plaintiff expressed concern over the status of Ocean Pines. They wanted either frequency "A" (which they thought they had contracted for) or frequency "B".

(16) The confusion resulted in the cancellation entirely of the Ocean Pines translator between plaintiff and the third-party. It also caused a so-called "red flag" to be posted with the FCC regarding plaintiff. This on the basis that plaintiff had attempted to transfer something "that he did not own". (i.e. neither frequncy "A" nor "B".) (Exhibit Three)

(17) At all times, plaintiff has been ready, willing, and able to complete the purchase of those items originally contracted for in the package...including Ocean Pines.

(18) And although defendants agreed to accept the cash payment described in Exhibit One, they now refuse such payment. They say that they must be paid their legal fees in connection with the aborted Ocean Pines issue. The also intend to sue plaintiff for attempting to sell something it did not own (even though plaintiff had an equitable interest in "Ocean Pines".) (Exhibit Four).

Plaintiff requests damages in the amount of $750,000 to be proven at trial.

These damages result from (a) breach of contract between the parties; (b) tortious interference in the affairs and contract between plaintiff and its' transferee (third-party); and (c) deliberate intent defame plaintiff by filing defamatory documents with the FCC.

A jury trial is requested.

Airport Investors, L.P.,
by Richard Snyder   *Richard Snyder*
23 Harbor Road
Rehoboth, DE 19971