IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AIRPORT INVESTORS, L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 05-CV-189 KAJ |
| | : | |
| RADIO ASSIST MINISTRY, INC and | : | |
| EDGEWATER BROADCASTING, INC. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS**

    */s/ Norman H. Brooks, Jr.*
Marks, O'Neill, O'Brien & Courtney, P.C.
Norman H. Brooks, Jr., Esquire (No. 2568)
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
Attorney for Defendants

Dated: June 6, 2005

**TABLE OF CONTENTS**

DE039717.1

|  | **page** |
|---|---|
| TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I |
| I.    NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 |
| II.   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 |
| III.  SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 |
| IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 |
| A.    THE LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 |
| B.    PLAINTIFF HAS FAILED TO OBTAIN COUNSEL AS REQUIRED UNDER THE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 |
| C.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE MATTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 |
| D.    JURISDICTION IS IMPROPER UNDER THE DELAWARE'S LONG ARM STATUTE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 |
|     1.   This Court lacks personal jurisdiction over both defendants. . . . . . . . . . . . . . . . 6 |
|     2.   There are insufficient minimum contacts under the due process analysis to establish personal jurisdiction upon the corporate defendant. . . . . . . . . . . . . . . 7 |
| E.    THE DISTRICT OF DELAWARE IS THE IMPROPER VENUE FOR THIS ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 |
|     1.   Plaintiff failed to adhere to a valid forum selection clause . . . . . . . . . . . . . . . . . 9 |
|     2.   Plaintiff fails to establish venue is proper as set forth in 28 U.S.C. §1391 . . . . . 10 |
| V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 |

## TABLE OF CITATIONS

**Page**

**Cases**

*American High-Income Trust v. Alliedsignal, Inc.*,
2002 U.S. Dist. LEXIS 3761 at *6 (D. Del. 2002) .................................... 10

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987) ................. 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ............................ 8

*Carefirst of Maryland Inc. v. Care First Transportation, Inc.*,
2002 U.S. Dist LEXIS 22830 at *7 (D. Del. 2002) .................................... 4,5

*Coastal Steel Corp v. Tilghman Wheelabrator, Ltd,* 709, F.2d 190, 202 (3d Cir. 1983) ....... 9

*Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988) ........ 9

*F. S. Photo, Inc. v. Picturevision, Inc.*, 48 F.Supp. 2d 442, 444 (D. Del. 1999) ............. 8

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ....................................... 8

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984) ........... 8

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ........................ 7

*Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*,
65 Fed. Appx. 844, 846 (3d Cir. 2003) ............................................. 9

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 19 (1972) ............................ 9

*Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ...................... 4

*Stein v. Chemtex International, Inc.*, 2004 U.S. Dist. LEXIS 5533 at *3
(D.Del. March 31, 2004) ........................................................ 8,9

*Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001) ............ 10

*Stewart Org. Inc., v. Ricoh Corp.*, 487 U.S. 22 (1988) ................................. 9

*Transamerica Corp. v. Reliance Insurance Co. of Illinois*,
884 F. Supp. 133, 137 (D. Del. 1995) .............................................. 5

*Transportes Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 858, 864-65 (D. Del. 1982) . . . . . . . 6

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
140 F.3d 478, 483 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1391(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. §1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. §1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §1654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

10 DEL.C. §3104(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10 DEL.C. §3104(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

10 DEL.C. §3104(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

10 DEL.C. §3104(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

10 DEL.C. §3104(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

10 DEL.C. §3104(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

10 DEL.C. §3104(c)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

10 DEL.C. §3104(c)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

**Rules**

Federal Rule of Civil Procedure 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8

**Other**

Due Process Clause of the Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiffs' Complaint was filed on March 29, 2005. (D.I. 1). Defendants now move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, lack of *in personam* jurisdiction, improper venue, and Plaintiff's failure to retain counsel as required by law. This is Defendants' Opening Brief in Support of Motion to Dismiss.

## STATEMENT OF THE CASE

Plaintiff's Complaint was filed in the United States District Court for the District of Delaware on March 29, 2005. (D.I. 1). Plaintiff alleges breach of contract, tortious interference in Plaintiff's business relationship with a third-party and defamation (D.I. 1¶18). Plaintiff alleges jurisdiction is premised on diversity, but fails to plead the citizenship of the Defendants (D.I. 1, ¶2). Even so, Plaintiff contends this Court has jurisdiction over the parties.

The complaint was filed *Pro Se* by Richard Snyder, one of two partners in Plaintiff Airport Investors, L.P. (D.I. 1) Pursuant to established law, a partner may not appear *pro se* on behalf of a partnership before the Court. Mr. Snyder was notified of the law by the Office of the Clerk for the District of Delaware on April 7, 2005 and instructed to retain counsel within 30 days from the filing of the present action (D.I. 2). To date, counsel has not been retained.

Furthermore, subsequent to the matter presently before the Court, Plaintiff Airport Investors filed a replevin action in the District Court for Worcester County, Maryland arising out of the same circumstances apparently giving rise to this action.

## SUMMARY OF THE ARGUMENT

I.     PLAINTIFF HAS FAILED TO OBTAIN COUNSEL AS REQUIRED UNDER 28 U.S.C. § 1654 DESPITE HAVING NOTICE OF THE REQUIREMENT THAT A PARTNERSHIP ENTITY MUST BE REPRESENTED BY COUNSEL IN PROCEEDINGS BEFORE THIS COURT.

II.     THIS COURT LACKS SUBJECT MATTER JURIDICTION OVER THE MATTER BECAUSE PLAINTIFF HAS NOT ESTABLISHED THAT DIVERSITY EXISTS BETWEEN ALL PARTIES.

III.     THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS BECAUSE DELAWARE'S LONG ARM STATUTE DOES NOT REACH EITHER DEFENDANT.

IV.     THE DISTRICT OF DELAWARE IS THE IMPROPER VENUE FOR THIS ACTION BECAUSE PLAINTIFF HAS FAILED TO ADHERE TO A VALID FORUM SELECTION CLAUSE AND HAS FAILED TO ESTABLISH THAT VENUE IS PROPER CONSISTENT WITH THE REQUIREMENTS OF 28 U.S.C. § 1391.

## **ARGUMENT**

A.  THE LEGAL STANDARD

"A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In deciding a motion to dismiss, the Court must accept as true all material allegations of the complaint, and it must construe the complaint in the light most favorable to the plaintiff. *Id.* However, a court need not accept as true conclusory allegations of law or unsupported conclusions and unwarranted inferences. *Carefirst of Maryland Inc. v. Care First Transportation, Inc.*, 2002 U.S. Dist LEXIS 22830 at *7 (D. Del. 2002) (Exhibit A). "Conclusory allegations unsupported by factual assertions" in a plaintiff's complaint "cannot withstand a motion to dismiss." *Id.* at *7-8*

B.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO OBTAIN COUNSEL AS REQUIRED UNDER THE LAW

Section 1654 of Title 28 of the United States Code generally allows for parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. §1654. However, in interpreting the law, courts have held that there are instances when a party must be represented by counsel. *U.S. v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996). As stated by the Supreme Court, "It has been the law for the better part of two centuries . . . that a corporation may appear in the Federal Courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Writing for the Court, Justice Souter noted that the rationale for the rule applied equally to all artificial entities and as such § 1654 "does not allow corporations, partnerships or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202.

On April 7, 2005, Mr. Snyder was issued a letter from the Office of the Clerk for the District of Delaware notifying him that, pursuant to 28 U.S.C. §1654, he was to retain counsel on behalf of Plaintiff Airport Investors, L.P. within thirty days of the filing date of the present action. Plaintiff's action was filed on March 29, 2005. To date, Mr. Snyder has failed to retain counsel to appear on behalf of Plaintiff and continues to represent Plaintiff *pro se*. As Mr. Snyder is a partner in Airport Investors, L.P., it is impermissible for him to represent Plaintiff in proceedings before the Court. Due to Mr. Snyder's failure to adhere to the law, Plaintiff's complaint must be dismissed.

C.      THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS MATTER

District courts have jurisdiction over matters of state law claims provided there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. There must be complete diversity of citizenship between plaintiffs and all defendants. *Transamerica Corp. v. Reliance Insurance Co. of Illinois*, 884 F. Supp. 133, 137 (D. Del. 1995). If any defendant is a citizen of the same state as any plaintiff, diversity of citizenship is destroyed and §1332 provides no basis for Federal Court jurisdiction. *Id.* For purposes of citizenship, a partnership, which is an unincorporated association, has no separate legal identity and its citizenship is the citizenship of each of its members. *Id*.

In the present matter before the Court, Plaintiff is a Maryland registered partnership. However, the partners are Mr. Snyder and his wife, residents of the State of Delaware, making the partnership a citizen of the State of Delaware. Plaintiff asserts that jurisdiction in this matter is solely premised on diversity of citizenship. Plaintiff fails to plead the citizenship of the Defendants Radio Assist Ministry, Inc. and Edgewater Broadcasting, Inc. Plaintiff's assertion of diversity jurisdiction is a conclusory allegation of law, unsupported by any factual assertion. As such, it cannot withstand a Motion to Dismiss. *Care First of Maryland, Inc.*, supra.

D. **JURISDICTION IS IMPROPER UNDER DELAWARE'S LONG ARM STATUTE, 10 DEL.C. §3104(b)**

When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b) on the grounds of lack of jurisdiction over the defendant, the court engages in a two step process to determine whether it can properly exercise personal jurisdiction. First, the court must decide whether the long arm statute of the state in which the court sits authorizes jurisdiction. *Transportes Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 858, 864-65 (D. Del. 1982). Even if a jurisdiction is authorized by the State's long arm statute, the court must then determine whether exercising jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Id*.

    1.    <u>This Court lacks personal jurisdiction over both Defendants</u>

Under Delaware's long arm statute, a non-resident person or corporation is deemed to submit to the jurisdiction of the Delaware courts by committing one of several acts. 10 Del. C. §3104(b). These acts are: (1) transacting any business or performing any character of work within the state; (2) contracting to supply services or things in Delaware; (3) causing tortious injury in Delaware through an act committed in Delaware; (4) causing tortious injury in Delaware through an act committed outside Delaware if the person solicits business in Delaware, engages in regular conduct in Delaware or derives substantial revenue from Delaware contacts; (5) having an interest in, using, or possessing real property in Delaware; or (6) contracting to act as a surety for a contract or other such obligation located, executed, or to be performed within Delaware at the time the contract is made. §3104(c)(1)-(6).

Plaintiff's Complaint speaks for itself, and demonstrates the Court's lack of *in*

*personam* jurisdiction over Defendants. Nowhere in the complaint does Plaintiff allege that Defendants committed any act within the State of Delaware. And, nowhere in the complaint does Plaintiff allege that Defendants have otherwise satisfied the requirements of 10 Del. C. §3104(c) so as to give rise to the Court's exercise of personal jurisdiction over them. Not one of the criteria enumerated in §3104(c) 1 through 6 have been alleged, or satisfied. First, the complaint does not allege that the Defendant corporations are currently, or have ever, transacted any business in Delaware (§3104(c)(1)). Second, Plaintiff does not allege that Defendants contracted to supply services or things in Delaware (§3104(c)(2)). Third, Plaintiff does not allege that any tortious injury in the State of Delaware caused by any act or omission by Defendants' in the State of Delaware (§3104(c)(3)). Fourth, regardless of where the alleged injury occurred, Plaintiff's Complaint does not contend that Defendants derived substantial (or any) revenue from conduct in Delaware, solicited business in Delaware, or engaged in regular (or any) conduct in Delaware (§3104(c)(4)). Fifth, the complaint fails to allege that Defendants have any real property interest in this state (§3104(c)(5)). Sixth, there is no allegation that Defendants signed any contract to act as a surety for an obligation that was located, executed, or performed in Delaware (§3104(c)(6)).

    2.    <u>There are insufficient minimum contacts under the due process analysis to establish personal jurisdiction.</u>

To satisfy the second prong of this analysis, the court must find sufficient minimum contacts between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*citation omitted*). Specifically, a party must show that defendant "purposefully availed itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253

(1958); *See also: Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987). Unless the contacts are continuous and systematic, they must be related to Plaintiff's cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

Assuming *arguendo* Plaintiff eventually alleges that a corporate defendant satisfies one of the six criteria enumerated in §3104(c), the Court must then determine whether exercising jurisdiction comports with the requirements of Due Process as to the individual defendant.

There are no minimum contacts between Defendants' and the forum state, such that the maintenance of the suit against them in this State offends traditional notions of fair play and substantial justice. Plaintiff has not even alleged that Defendants purposefully availed themselves of the privilege of conducting activities within the forum State. Consequently, there are insufficient contacts with the forum state to justify this Court's exercise of *in personam* jurisdiction over either Defendant.

E.   THE DISTRICT OF DELAWARE IS THE IMPROPER VENUE FOR THIS ACTION

To hear a case, a district court must have both personal jurisdiction and venue. *F. S. Photo, Inc. v. Picturevision, Inc.*, 48 F. Supp. 2d 442, 444 (D. Del. 1999). A district court, in an exercise of its discretion, may properly dismiss a lawsuit on the grounds of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Stein v. Chemtex International, Inc.*, 2004 U.S. Dist. LEXIS 5533 at *3 (D. Del., 2004) (Exhibit B). Since the Federal Rules do not contain any specific venue provisions, a court must look to the appropriate statutes when determining whether a motion to dismiss due to improper venue is merited. *Id.* In a motion to dismiss, "the moving party has the burden of proving that venue is improper." *Id.* at *3-4. A district court is obligated to dismiss, or alternatively transfer to a district where a suit could have properly been brought, if such is in the interest of justice, a suit brought in an improper venue. See 28 U.S.C. § 1406(a).

1.  <u>Plaintiff failed to adhere to a valid forum selection clause</u>.

Parties may anticipate litigation and agree upon a forum where any litigation arising from a contract dispute may be brought. Forum selection clauses are presumptively valid and should be enforced unless a party objecting to enforcement can show that 1) it is the result of fraud; 2) enforcement would violate the strong public policy of the forum; or 3) enforcement would result in jurisdiction so seriously inconvenient as to be unreasonable. *Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 65 Fed. Appx. 844, 846 (3d Cir. 2003) (citing *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). A party opposing the enforcement of a forum selection clause has the burden of showing that the balance of convenience is strongly in favor of a different forum and that the enforcement of the clause would be "so manifestly and gravely inconvenient" so as to have the effect of depriving the party of his day in court. *Id.* at 848 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 19 (1972)). Only in exceptional cases should a valid forum selection not be given controlling weight. *Id.* at 847 (citing *Stewart Org. Inc, v. Ricoh Corp.*, 487 U.S. 22 (1988) (Kennedy, J., concurring)).

Where parties have inserted a forum selection clause into an agreement and one party then seeks to initiate litigation in a non-agreed upon forum, it has been held that upon the motion of the other party, a district court may dismiss the suit due to a breach of the forum selection clause. See *Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988). Specifically, the Third Circuit has held that pursuant to Federal Rule of Civil Procedure 12, a district court may permissibly dismiss an action as a means of enforcing a forum selection clause, notwithstanding the considerations of 28 <u>U.S.C.</u> § 1404, which governs changes of venue. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001).

In the matter before the Court, Plaintiff and Defendants entered into agreements concerning certain FM translator stations. (Exhibits C and D). In both agreements, clause 6, under the heading "Miscellaneous," clearly sets forth that the agreements were to be construed and enforced under the laws of the State of Idaho and any enforcement action would be maintained exclusively in the federal or state courts of Idaho. Despite the clear language of the agreements, Plaintiff seeks to initiate suit in the District of Delaware. In filing his complaint in the District of Delaware, Plaintiff is in breach of the agreements entered into with the Defendants. As such, it is proper for the Court to dismiss Plaintiff's action.

2.      Plaintiff fails to establish venue is proper as set forth in 28 U.S.C. §1391.

Even if the Court determines both that Plaintiff is not bound by the forum selection clause of the agreements entered into with Defendants and it has jurisdiction over the instant matter, venue is still improper in the District of Delaware. Section 1391(a) of Title 28 addresses venue in matters where jurisdiction is founded only on diversity of citizenship, as alleged by Plaintiff. Under § 1391(a), venue is proper

> [O]nly in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a). "Plaintiff bears the burden of proving that venue is proper" *American High Income Trust v. Allied Signal, Inc.*, 2002 U.S. Dist. LEXIS 3761 at *6 (D. Del. 2002) (Exhibit E). On its face, Plaintiff's Complaint fails to establish that the District of Delaware is the proper venue for this matter. Plaintiff's only mention of Delaware in the complaint are the statements that the partners comprising the partnership are residents of the State of Delaware, that Plaintiff desired

making use of radio translators for a prospective, unformed radio station in Southern Delaware, and that Plaintiff was asked by a third party based in Delaware to sell translators Plaintiff was to allegedly obtain from Defendants, a business transaction wholly separate from any between Plaintiff and the Defendants. The predominance of Plaintiff's Complaint centers on an Ocean Pines translator. Conveniently, Plaintiff fails to state Ocean Pines is located in the State of Maryland.

As plead by Plaintiff, the District of Delaware is not the judicial district where a "substantial part" of the events, omissions or property at issue in the matter before the Court occurred. Additionally, Plaintiff has failed to plead the residency of Defendants and cannot show they are subject to personal jurisdiction within the State of Delaware. Because Plaintiff has failed to meet its burden of showing that venue is proper before this Court, its complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be

dismissed, with prejudice, and all such further relief as the Court deems just and appropriate.

                                         /s/ *Norman H. Brooks, Jr.*
                                         Norman H. Brooks, Jr., Esquire (#2568)
                                         Marks, O'Neill, O'Brien & Courtney, P.C.
                                         913 North Market Street, #800
                                         Wilmington, DE 19801
                                         (302) 658-6538
                                         *Attorney for Defendants*

DATED: June 6, 2005