# Exhibit A

LEXSEE

CAREFIRST OF MARYLAND, INC., d/b/a Care First Blue Cross Blue Shield, Plaintiff, vs. CARE FIRST TRANSPORTATION, INC., d/b/a Care First Transportation, a/k/a Care First Transportation, Defendant.

Civil Action No. 02-229-### (MPT)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 22830

November 1, 2002, Decided

**DISPOSITION:** [*1] Defendant's motion to dismiss for failure to state claim denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** Sheldon K. Rennie, Esq., Fox, Rothschild, O'Brien & Frankel, LLP, Wilmington, DE, for Plaintiff.

**JUDGES:** Mary Pat Thynge, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** Mary Pat Thynge

**OPINION:**

MEMORANDUM OPINION

Dated: November 1, 2002

Wilmington, Delaware

Mary Pat Thynge,

U.S. Magistrate Judge

**I. Introduction.**

Presently before the Court is Defendant's motion to dismiss for Plaintiff's failure to state a claim upon which relief can be granted pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure.* For the foregoing reasons stated below, Defendant's motion to dismiss is DENIED.

**II. Background.**

A. Factual.

Plaintiff is a Maryland corporation, with its principle place of business in Maryland, *D.I. 2 at 2,* and a licensee of Blue Cross Blue Shield Association, located in Chicago, Illinois. *D.I. 2 at 5.* Plaintiff serves as the parent corporation to a number of health maintenance and preferred provider organizations. *D.I. 2 at 3.* It services more than 5.2 million members (including family members), who reside in various states. Plaintiff has been the registered [*2] title owner of a collective membership mark registration for the mark "CAREFIRST" since June 6, 1989, and title owner of trademark and service mark registrations for the "CAREFIRST" mark as of July 4, 1989. The mark has been used by plaintiff since 1977 through their predecessor companies, prepaid health care plans, also using the variations of "MEDICAREFIRST" and "LIBERTY CAREFIRST". *Id.*

Through contracted plans, plaintiff provides comprehensive medical services, products and care to its enrolled members. *D.I. 2 at 3.* The "CAREFIRST" mark and name is used to indicate comprehensive medical services rendered to or on behalf of their members and preferred provider organizations. *D.I. 2 at 4.* The mark is used to distinguish plaintiff from other health care service providers. It is used on membership cards, enrollment kits, membership packets and member newsletters. *Id.*

Plaintiff's membership predominantly resides in Maryland, Virginia, West Virginia, Pennsylvania, Delaware, New Jersey and the District of Columbia. *D.I. 2 at 4.* Other members live in states including Michigan, Florida, Kentucky and Kansas. These members travel throughout the United States and foreign [*3] countries. Each member receives a membership card entitling them to payment for emergency healthcare anywhere in the world and to non-emergency health care with prior notification and approval by the respective health care maintenance or preferred provider owned by plaintiff. Plaintiff's membership is honored by most health care facilities in the United States. *Id.*

Currently, plaintiff's organizations have agreements

Case 1:05-cv-00189-KAJ    Document 6-4    Filed 06/06/2005    Page 3 of 4

Page 2
2002 U.S. Dist. LEXIS 22830, *

with more than 1,000 different companies under which they will provide to all enrolled employees medical services at a specified rate of coverage. D.I. 2 at 4-5. Several of these companies are located throughout the country. D.I. 2 at 5.

Defendant is a Delaware corporation organized on January 11, 2001, D.I. 2 at 5, with its principle place of business in Delaware D.I. 2 at 2. Defendant provides point to point transportation services in Delaware and Pennsylvania. D.I. 2 at 2. These services are promoted through defendant's "http//www.carefirstransport.com" website/ domain name and direct mailing. Id. The promotions are also provided in connection with medical appointments, dialysis, counseling and clinics to those who qualify for "Senior Citizens [*4] Affordable Taxi" (SCAT). n1 D.I. 2 at 6

> n1 In order to be eligible for SCAT an individual must be "ambulatory handicapped" or over the age of 60. D.I. 2 at 6.

Defendant does not sell and/ or offer health care plans, enrollment kits, memberships, or preferred networks. D.I. 11 at 2. Defendant has applied for the trademark "CARE FIRST TRANSPORTATION ITS ALL ABOUT YOU" at the United States Patent and Trademark Office. Id.

### B. Procedural.

On January 11, 2002, plaintiff sent defendant a letter requesting cease and desist of any and all use by defendant of the "CARE FIRST" mark. D.I. 2 at 6. Defendant did not respond and on March 27, 2002, plaintiff filed its complaint in this Court. D.I. 9 at 1. Defendant was served on April 2, 2002 but did not answer or otherwise respond to plaintiff's complaint. Plaintiff moved for entry of default on April 26, 2002, which was entered by the District Court Clerk on May 13, 2002. Id. Subsequently, plaintiff moved for default judgment pursuant to [*5] Fed. R. Civ. P. 55(b). D.I. 9 at 1.

In that motion, plaintiff requested the Court find in accordance with their complaint, that defendant committed: (1) trademark infringement of plaintiff's "CAREFIRST" trademark and service mark, and the "CAREFIRST" collective membership mark in violation of 15 U.S.C. § 1114; (2) common law trademark, service mark, collective membership mark and trade name infringement of the "CAREFIRST" mark and name; (3) unfair competition of the "CAREFIRST" mark and name in violation of 15 U.S.C. § 1125(a) and (b); (4) common law unfair competition; and (5) dilution of the "CAREFIRST" mark and name in violation of 15 U.S.C. § 1125(c). D.I. 9 at 2.

Upon a finding of these above claims, plaintiff then requests the Court to grant the following relief: (1) order that defendant and all persons in active concert or participation be permanently enjoined and restrained from further acts of trademark, service mark, collective membership mark and trade name infringement, dilution, and unfair competition of the "CAREFIRST" mark and name specifically from further use of said mark, trade name, [*6] or colorable variants thereof; (2) order that defendant's website/ domain name be transferred to plaintiff; (3) order that defendant pay over all profits which were obtained as a result of defendant's willful appropriation, infringement, dilution and intentional acts of infringement and unfair competition; (5) award plaintiff reasonable attorney's fees and expenses incurred as a consequence of defendant's willful appropriation, infringement, dilution and intentional acts of unfair competition. D.I. 9 at 2-3.

On August 7, 2002, defendant filed a motion to dismiss by failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P 12(b)(6). D.I. 11 at 1. Plaintiff responded to defendant's motion on August 19, 2002, reiterating their previous arguments and requesting defendant's motion to dismiss be stricken because: (1) a corporation cannot defend itself pro se; (2) the motion is untimely; and (3) that the motion was not made with an accompanying brief as required by District Court Rules. D.I. 12 at 1-2.

### III. Discussion.

#### A. Standard for 12(b)(6) motion to dismiss.

To grant a 12(b)(6) motion, a court must determine that the moving party [*7] is entitled to relief under the "reasonable reading of the pleadings, assuming the truth of all the factual allegations in the complaint." *Alexander v. Whitman, 114 F.3d 1392, 1397 (3d Cir. 1997)*. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id.

It is well established that a complaint should be dismissed on the basis of failing to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*. However, this court does not have to accept every allegation as true. *Flanagan v. Shively, 783 F. Supp. 922, 927 (M.D. Pa. 1992)*. Nor should "conclusory allegations of law, unsupported conclusions and unwarranted inferences ... be accepted as true." Id.

Case 1:05-cv-00189-KAJ   Document 6-4   Filed 06/06/2005   Page 4 of 4

Page 3
2002 U.S. Dist. LEXIS 22830, *

(citing *Conley, 355 U.S. at 45-46)*. Thus, although the plain statement required by *Fed. R. Civ. P 8(a)(2)* should be read in a light most favorable to the plaintiffs, the conclusory allegations [*8] unsupported by any factual assertions, made in plaintiffs' complaint cannot withstand a motion to dismiss.

Here, plaintiff does provide this Court with facts to support their claims against defendant. A "reasonable reading of the pleadings" in this matter shows that relief can be granted under the presented facts. Therefore, defendant is not entitled to dismiss plaintiff's motion pursuant to grant a *Fed. R. Civ. P. 12(b)(6)*. The reasoning for this decision are set forth as follows.

**B. Plaintiff's arguments against dismissal of their claim.**

As mentioned above, plaintiff provides three reasons why defendant's motion to dismiss should be denied: (1) that a corporation cannot defend itself *pro se;* (2) defendant's motion is untimely; and (3) the motion was not made with an accompanying brief as required by District Court Rules. *D.I. 12 at 1-2*. All of plaintiff's arguments are correct.

Defendant must be represented by counsel. A corporation may appear in federal court only by representation of a licensed attorney. *Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 121 L. Ed. 2d 656, 113 S. Ct. 716 (1993); U.S. v. Cocivera 104 F.3d 566 (3rd Cir. 1996).* [*9] Here, defendant's motion to dismiss was filed by its president, Denette Dawson, who is not a Delaware licensed attorney. Thus, because defendant is a corporation appearing before this Court without proper representation, defendant's motion to dismiss is denied on this ground.

Defendant also failed to timely respond to plaintiff's allegations. A motion to dismiss must also be filed within twenty (20) days after service and summons. *Fed. R. Civ. P. 12(a)*. Here, plaintiff filed its complaint on March 27, 2002. Defendant's motion was not filed until July 23, 2002, nearly four months later. Therefore, due to defendant's untimeliness, the motion should also be denied on that basis.

Lastly, defendant failed to accompany its motion to dismiss with proper briefing. According to the Local District Court Civil Rule 7.1.2., a motion to dismiss must be accompanied by supportive briefing unless a party advised the Court that because of the nature of the motion, the involved parties believe no briefing is required. Beyond the motion itself, there are no further pleadings or other evidence on the record in support of defendant's motion to dismiss. Due to defendant's failure to observe the [*10] rules of this Court, defendant's motion should be denied. More importantly, defendant in its motion has failed to provide any bases for its position. In light of the absence of any factual or legal support for the motion, defendant's motion to dismiss is denied on that basis, as well.

**IV. Conclusion**

For the foregoing reasons discussed above, this Court finds that "reasonable reading of the pleadings" show no doubt that plaintiff can be relieved under the facts presented. Consequently, defendant's motion to dismiss for failure to state a claim is DENIED. An Order consistent with this opinion will follow.

**ORDER**

At Wilmington, this **1st** day of **November, 2002.**

For the reasons set forth in the Memorandum Opinion dated November 1, 2002,

IT IS ORDERED that defendant's motion to dismiss for failure to state a claim is DENIED. *28 U.S.C. § 636* and *Fed. R. Civ. P. 72* apply to any objections to the Memorandum Opinion and this Order.

Mary Pat Thynge

UNITED STATES MAGISTRATE JUDGE