# Exhibit B

LEXSEE

LARISA STEIN, Plaintiff, v. CHEMTEX INTERNATIONAL, INC., Defendant.

Civ. No. 04-001-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 5533; 9 Wage & Hour Cas. 2d (BNA) 959

March 31, 2004, Decided

**DISPOSITION:** [*1] Defendant's motion to dismiss for improper venue granted in part. Plaintiff's case transferred to United States District Court for Eastern District of North Carolina.

**LexisNexis(R) Headnotes**

**COUNSEL:** Matthew F. Boyer, Esquire, Timothy M. Holly, Esquire, Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware; Brian W. Raum, Esquire, Gucciardo & Raum, P.C., New York, New York. Counsel for Plaintiff.

Donald E. Reid, Esquire, Morris, Nichols, Arsht & Tunnell; William Joseph Austin, Jr., Esquire, Ward and Smith, P.A., New Bern, North Carolina. Counsel for Defendant.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

### MEMORANDUM OPINION

Wilmington, Delaware

**ROBINSON, Chief Judge**

### I. INTRODUCTION

On January 5, 2004, Larisa Stein ("plaintiff") filed suit against her former employer, Chemtex International, Inc. ("defendant"), alleging sex-based employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e et seq, and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 206(d) ("FLSA"). n1 (D.I. 1) Plaintiff claims that defendant engaged in unlawful [*2] sex-based discrimination through its employees, resulting in a hostile work environment, a failure to promote, disparate wages, and a loss of compensation. (Id.) Plaintiff also claims that defendant retaliated against her for making complaints of discrimination by terminating her employment. (Id.) Plaintiff further claims that defendant breached a relocation contract whereby defendant promised to pay her certain monetary benefits if her employment were terminated after she relocated from New York to North Carolina within three years of the date her eligibility for temporary living allowances ended. (Id.)

    n1 On October 6, 2003, plaintiff received notification from the Equal Employment Opportunity Commission that the Commission was unable to establish Title VI violations pursuant to its investigation. (D.I. 8, ex. A) "If a charge filed with the Commission ... is dismissed by the Commission, ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1). Pursuant to this section, plaintiff filed the instant civil action ninety-one days after receiving the Commission's notification. This filing was timely, albeit one day beyond the statutory deadline date, because the ninetieth day fell on a Sunday.

[*3]

Plaintiff resides in Wilmington, North Carolina. Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in Wilmington, North Carolina. The court has jurisdiction over the suit pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Presently before the court is defendant's motion to dismiss for improper venue. (D.I. 3) For the reasons that follow, the court grants this motion in part and orders this

Case 1:05-cv-00189-KAJ    Document 6-5    Filed 06/06/2005    Page 3 of 4

Page 2
2004 U.S. Dist. LEXIS 5533, *; 9 Wage & Hour Cas. 2d (BNA) 959

action transferred to the United States District Court for the Eastern District of North Carolina.

### III. STANDARD OF REVIEW

A court may dismiss a lawsuit for improper venue pursuant to *Fed. R. Civ. P. 12(b)(3)*. However, the Federal Rules of Civil Procedure do not contain any specific venue provisions or requirements. A court, therefore, must determine whether venue is proper in accordance with the appropriate statutes when deciding a motion to dismiss for improper venue. *Albright v. W.L. Gore & Assocs., 2002 U.S. Dist. LEXIS 13936, 2002 WL 1765340, *3 (D. Del. 2002)* (citations omitted). The moving party has the burden of proving that [*4] venue is improper. Id. (citing *Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982))*.

### IV. DISCUSSION

Plaintiff asserts causes of action under Title VII, the FLSA, and contract law. Plaintiff alleges that venue is proper in the District of Delaware under the general venue provision, *28 U.S.C. § 1391*. Specifically, plaintiff contends that "venue is proper pursuant to *28 U.S.C. § 1391(a) and (c)* because defendant is a Delaware corporation subject [to] the personal jurisdiction of this court." (D.I. 1 at P 6) In response, defendant argues that venue in a Title VII action is subject to the specific venue provisions of *42 U.S.C. § 2000e-5(f)(3)*. Under this provision, defendant claims that venue is only proper in the State of North Carolina.

The court agrees with defendant. Venue generally must be established for each separate claim in a complaint. See *Kravitz v. Inst. for Int'l Research, 1993 U.S. Dist. LEXIS 15669, 1993 WL 453457, *3 (E.D. Pa. 1993)* (citations omitted). Venue for a Title VII claim is governed by *§ 2000e-5(f)(3)*. *Section 2000e-5(f)(3)* states that a Title VII action [*5] may be brought in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Courts have determined that this language sets forth four judicial districts where an employment discrimination action may be brought:

> (1) where "the unlawful employment practice is alleged to have been committed;"
> (2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
> (3) where "the employment records relevant to such practice are maintained and administered;" and
> (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

*Paige v. Solo Cup, 2002 U.S. Dist. LEXIS 14757, 2002 WL 1822418, [*6] *1 (D. Del. 2002)* (citations omitted) In so limiting venue, the District of Columbia Circuit noted that "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear." *Stebbins v. State Farm Mut. Auto Ins., Co., 134 U.S. App. D.C. 193, 413 F.2d 1100, 1102 (D.C. Cir. 1969)*.

Unlike Title VII, the FLSA has no special venue provision. It is governed by the general venue statute, *28 U.S.C. § 1391*. Contract law claims in federal court are likewise governed by *28 U.S.C. § 1391*. *Section 1391 (b)* permits venue in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *Section 1391(c)*, in turn, states that a corporate defendant, as in the suit at bar, shall be deemed to reside for purposes of venue in any [*7] judicial district in which it is subject to personal jurisdiction. Taken together, a FLSA action against a corporate defendant, therefore, may be brought in the judicial district: (1) where the corporate defendant is subject to personal jurisdiction; or (2) where a "substantial part of the events or omissions giving rise to the claim occurred."

Case 1:05-cv-00189-KAJ   Document 6-5   Filed 06/06/2005   Page 4 of 4

Page 3

2004 U.S. Dist. LEXIS 5533, *; 9 Wage & Hour Cas. 2d (BNA) 959

In comparing the venue alternatives available under § 1391 with those available under § 2000e-5(f)(3), the court notes that § 28 U.S.C. § 1391 does not provide the same options as are available under § 2000e-5(f)(3). The court also recognizes that Title VII venue provisions are exclusive for Title VII cases. See *Thurmon v. Martin Marietta Data Systems*, 596 F. Supp. 367, 368 (M.D. Pa. 1984). Consequently, the court will focus its discussion on whether venue is appropriate for all claims pursuant to § 2000e-5(f)(3).

After considering the four judicial district options enumerated in § 2000e-5(f)(3), the court finds that no discrimination occurred in the State of Delaware and that venue in this district is improper. First, the alleged unlawful employment practice occurred in Wilmington, North Carolina. [*8] Second, plaintiff's employment records are located in Wilmington, North Carolina. Third, plaintiff would have worked in Wilmington, North Carolina but for the alleged retaliation. Fourth, defendant's principal place of business is located in Wilmington, North Carolina. Accordingly, the court concludes that venue is proper in the judicial district which encompasses Wilmington, North Carolina (i.e., the United States District Court for the Eastern District of North Carolina). n2

> n2 In her answering brief, plaintiff appears to agree with defendant and concedes that venue is proper in the United States District Court for the Eastern District of North Carolina. (See D.I. 7)

Having determined that venue is not proper in the District of Delaware, the court must decide whether to dismiss or to transfer plaintiff's case. Where venue has been incorrectly chosen, a district court may either dismiss the case or transfer it to the appropriate district "in the interests of justice." Specifically, 28 U.S.C. § 1406 (a) [*9] states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The court finds that the interests of justice favor transferring this case. If the court were to outright dismiss the instant action, plaintiff may suffer a complete loss of her rights because the statute of limitations has run since plaintiff filed her suit in this district. That is, because more than ninety days has passed between the date when plaintiff received her notification letter from the Equal Employment Opportunity Commission and the date that defendant filed the instant motion to dismiss, plaintiff is unable to file a new claim based upon sex-based employment discrimination. This court previously has recognized that it should transfer, rather than dismiss a case, where "the statute of limitations has run, and the plaintiffs will be unnecessarily prejudiced in pursuing their claim." *Albright*, 2002 U.S. Dist. LEXIS 13936, 2002 WL 1765340 at * 6. The court, therefore, concludes that plaintiff's case should be transferred [*10] to the United States District Court for the Eastern District of North Carolina where the suit originally should have been filed.

## V. CONCLUSION

For the reasons stated, the court grants defendant's motion in part and orders that this case be transferred to the United States District Court for the Eastern District of North Carolina. An order shall issue.

### ORDER

At Wilmington, this 31st day of March, 2004, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that defendant's motion to dismiss for improper venue (D.I. 3) is granted in part.

IT IS FURTHER ORDERED that plaintiff's case be transferred to the United States District Court for the Eastern District of North Carolina. The Clerk of Court is directed to transfer the case as noted.

Sue L. Robinson

United States District Judge